IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONALDINHO RAUL PREVOST MORALES PETITIONER

VS. CIVIL ACTION NO. 5:26-CV-687-DCB-BWR

WARDEN, *Adams County Correctional Center* RESPONDENT

REPORT AND RECOMMENDATION

Petitioner Ronaldinho Raul Prevost Morales, a native and citizen of Cuba, filed his pro se Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 29, 2026, challenging his detention during his removal proceedings and seeking his immediate release from Immigration and Customs Enforcement's (ICE) detention.

Since the filing of his Petition, an immigration judge ordered Petitioner removed from the United States to Cuba, and Petitioner's removal order became administratively final because both parties waived appeal. IJ Order [9-1] at 1-2. Thus, Petitioner is now detained under 8 U.S.C. §1231(a). Having considered the Petition [1], the Response [9], and the relevant law, the undersigned recommends that the Petition be dismissed without prejudice because Petitioner's pre-removal statutory claims are now moot, and any post-removal-period detention claim is premature under 8 U.S.C. § 1231(a) and the framework set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

I. BACKGROUND

Petitioner entered the United States as an arriving alien in May 2024 and was placed in immigration proceedings. *See* Pet. [1] at ¶ 13; Notice to Appear [1-8]. A

Notice to Appear for removal proceedings was issued, charging Petitioner as an arriving alien who is removable for not having valid entry documents as required by the Immigration and Nationality Act (INA). *Id.* Petitioner was initially released, but in March 2026, he was arrested in Florida "in connection with DUI-related allegations" and later taken back into ICE custody. *See* Pet. [1] at ¶¶ 15-17. On or about June 26, 2026, Petitioner was transferred to the Adams County Correctional Center in Natchez, Mississippi. *Id.* at ¶ 17.

On September 1, 2026, an immigration judge ordered that Petitioner be removed from the United States to Cuba. IJ Order [9-1] at 1. Petitioner and the Department of Homeland Security waived the right to appeal. *Id*. at 2.

Petitioner filed his Petition on or about July 29, 2026, while his removal proceedings were still pending, alleging the following grounds: Ground One: "Continued detention without meaningful individualized review violates due process"; Ground Two: "Continued detention is excessive because less restrictive alternatives can address any flight-risk or public-safety concerns"; Ground Three: "The transfer and absence of a future hearing date impair Petitioner's ability to participate in his immigration case"; and Ground Four: "Continued detention causes severe family and medical hardship that must be considered." *See* Pet. [1] at 6-7. Petitioner requests the Court to order his release from ICE custody, or alternatively, order a less restrictive alternative to detention and/or an individualized custody hearing.

## II. DISCUSSION

28 U.S.C. § 2241 confers federal district courts "within their respective jurisdictions" the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241. The writ of habeas corpus is "available to every individual detained within the United States," including noncitizens. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).

"A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention." *Wekesa v. United States Att'y*, No. 22-10260, 2022 WL 17175818, at *1 (5th Cir. Nov. 22, 2022); *see also Imran v. Harper*, No. 25-30370, 2026 WL 93131, *1 (5th Cir. Jan. 13, 2026) ("[D]istrict courts have subject-matter jurisdiction to review § 2241 petitions challenging the lawfulness of a noncitizen's detention . . . .").

In his Petition, Petitioner challenges his detention during his removal proceedings, claiming, inter alia, that his continued detention is excessive and violates his due process rights. However, since the filing of his Petition, an immigration judge ordered Petitioner removed, and because Petitioner waived appeal, his removal order became administratively final on September 1, 2026. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: . . . (b) Upon waiver of appeal by the respondent. . . ."). Thus, Petitioner is now being detained

under 8 U.S.C. § 1231(a).[1] *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("The Government is correct that [petitioner's] detention is now governed by § 1231 . . . [which] defines the circumstances under which an alien enters the 'removal period' . . . ."); *Vetcher v. Barr*, 809 F. App'x 254, 255–56 (5th Cir. 2020) (holding that petitioner's detention under § 1226(c) "ended when he became subject to an administratively final removal order, namely the . . . BIA decision, [and] [t]he authority for his detention then shifted to 8 U.S.C. Section 1231") (citing *Andrade*, 459 F.3d at 542–43). Accordingly, Petitioner's statutory claims challenging his pre-removal detention are now moot. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) ("The removal order became administratively final . . . when the [BIA] dismissed the appeal of the immigration judge's decision. Consequently, [petitioner] is no longer detained pursuant to § 1226, and his claims challenging his detention under that statute are moot.") (citations omitted); *Ndudzi v. Perez*, 509 F. Supp. 3d 943, 947–48 (S.D. Tex. 2020) ("Any prolonged detention claim related to Petitioner's prior detention under § 1225(b) became moot when the BIA's dismissal of Petitioner's appeal shifted her detention to the framework erected in § 1231.").

Pursuant to 8 U.S.C. § 1231, "the Attorney General shall remove the alien from the United States within a period of 90 days (. . . referred to as the 'removal period')[,]" during which time the alien shall be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2). Petitioner is still within the 90-day removal period which requires mandatory

---

[1] At the time Petitioner filed his Petition in July 2026, he was not detained under 8 U.S.C. § 1231, as his removal proceedings were ongoing. Since Petitioner's order of removal is administratively final, he is now detained under 8 U.S.C. § 1231.

detention. Petitioner's 90-day removal period does not expire until approximately November 30, 2026.

"After that time elapses, however, § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas*, the Supreme Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." 533 U.S. at 699. "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas*, 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings*, 583 U.S. at 299 (quoting *Zadvydas*, 533 U.S. at 701). "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

To the extent the Petition is liberally construed to challenge Petitioner's post-removal detention, such claim is premature under the framework set forth in *Zadvydas*. Petitioner is still within the removal period and "has not been in post-removal-order detention longer than the presumptively reasonable six-month period

set forth in *Zadvydas*. Consequently, any challenge to his . . . post-removal-order detention is premature." *Agyei-Kodie*, 418 F. App'x at 318; *see also Zadvydas*, 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.") (emphasis added); *Andrade*, 459 F.3d at 543 ("*Zadvydas* thus created a '6-month presumption' of the validity of detention under § 1231, *after which* an alien could attack the reasonableness of his continued detention.") (emphasis added).

Finally, Petitioner's claim in Ground Four regarding his conditions of confinement, "Continued detention causes severe family and medical hardship,"[2] is not cognizable in a habeas action. *See Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007) ("Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions."); *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020) (holding that § 2241 habeas petition is not "the proper procedural vehicle for claims . . . regarding the conditions of confinement").

## III. RECOMMENDATION

The undersigned recommends that the Petition [1] be denied and dismissed without prejudice.

[2] *See* Pet. [1] at 7.

## IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SO ORDERED, this the 9th day of September, 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE