IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONALDINHO RAUL PREVOST MORALES, #A 244-517-405 PETITIONER

VS. CIVIL ACTION NO. 5:26-CV-687-DCB-BWR

WARDEN, Adams County Correctional Center RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation [ECF No. 10] of the United States Magistrate Judge entered herein on September 9, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report and Recommendation, Judge Rath recommended that Prevost Morales's Petition [ECF No. 1] be denied and dismissed without prejudice. Petitioner, proceeding pro se, has failed to file objections to the Report and Recommendation by his deadline of September 23, 2026.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law"

standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed Prevost Morales's Petition, the related filings, and the record in this matter. Having considered the Report and Recommendation of Judge Rath, the Court adopts his findings and conclusions in full as the opinion of this Court.

As Judge Rath found, Prevost Morales's order of removal became final on September 1, 2026, thus Petitioner is now being detained pursuant to 8 U.S.C. § 1231(a). [ECF No. 10] at 3-4. As such, his pre-removal statutory claims are now moot. Id. at 4. And Petitioner is currently subject to a 90-day removal period requiring mandatory detention that does not expire until November 30, 2026. Id. at 4-5 (citing 8 U.S.C. § 1231(a)(1)(A), (a)(2)). Thereafter, under the framework of Zadvydas v. Davis, 533 U.S. 678 (2001), the government is entitled to a six-month presumption to effectuate deportation. See Tran v. Mukasey, 515 F.3d 478, 482 (5th Cir. 2008). Thus, any challenges Prevost Morales asserts regarding his post-removal detention are premature. [ECF No. 10] at 5. Likewise, any conditions of confinement claims asserted by Petitioner are not cognizable in a § 2241 habeas action. See Boyle v. Wilson 814 F. App'x 881, 882 (5th Cir. 2020) (holding that conditions of confinement claims are not properly brought in a § 2241 habeas petition).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. Consequently, Prevost Morales's Petition [ECF No. 1] is hereby denied and dismissed without prejudice. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 6th day of October, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE